

William C. Baton
Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

February 2, 2018

**VIA ECF**

The Honorable Leda D. Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Celgene Corporation v. Zydus Pharmaceuticals (USA) Inc., et al.*,
            Civil Action No. 17-2528 (SDW)(LDW)

Dear Judge Wettre:

      This firm, together with Quinn Emanuel and Jones Day, represents Plaintiff Celgene Corporation ("Celgene") in the above-referenced matter. We write in reply to Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited's (together, "Zydus") January 22, 2018 letter concerning the disclosure of protected materials to Dr. Brij Khera, Executive Vice President and Chief Legal Officer of Zydus Pharmaceuticals (USA) Inc. ("Zydus's Letter") (D.I. 74), and in further support of our January 8, 2018 letter concerning the same (D.I. 72). For the reasons stated in our opening letter and discussed below, Dr. Khera should not be permitted to access Celgene's Protected Material.[1]

      First and foremost, neither Zydus nor Dr. Khera (through affidavit or otherwise) dispute Celgene's well-founded belief that Dr. Khera is likely involved in competitive decision making. Instead, Zydus repeatedly states that Celgene has the burden and stays silent with respect to relevant facts.[2] Such silence speaks volumes, particularly because Celgene has repeatedly asked for, and has given Zydus ample opportunity to provide, information concerning Dr. Khera's job responsibilities and role within Zydus. Zydus's failure to provide any facts to dispute the evidence in Celgene's January 8 letter should be reason enough for the Court to maintain the

---

[1] As used herein, "Protected Material" refers to material designated as Confidential Information or Highly Confidential Information under the Discovery Confidentiality Order ("DCO") (D.I. 64).

[2] Celgene does not dispute that it has the burden. But the burden of proof under the DCO does not excuse Zydus from providing relevant facts where Celgene has a good-faith basis for objecting to Dr. Khera as a potential recipient of Celgene's Protected Material. This is not a burden shift, as Zydus claims. *See* D.I. 74 at 3.

Honorable Leda D. Wettre, U.S.M.J.
February 2, 2018
Page 2

status quo by granting Celgene's request to prevent the disclosure of Celgene's Protected Material to Dr. Khera.

      Second, Zydus ignores relevant provisions of the DCO. Citing Paragraphs 6(a)(ii) and (b), Zydus argues that Dr. Khera is eligible to receive Protected Material because he is Zydus Pharmaceuticals (USA) Inc.'s in-house counsel and has signed the Declaration of Compliance. Those facts, however, are the minimum prerequisites that Dr. Khera must satisfy to gain access to Celgene's Protected Material under the DCO. Zydus ignores Paragraphs 8 and 14 of the DCO, which permit Celgene to object to the disclosure of its Protected Material if it believes there is a possibility that such materials will be used for "business, regulatory, commercial, or competitive purposes." (D.I. 64 at 11.) As explained in Celgene's January 8 letter, Dr. Khera's responsibilities and role within Zydus present an unacceptable risk of inadvertent disclosure. D.I. 72 at 3-4.

      Third, Zydus's references to discovery confidentiality orders in other litigations are irrelevant. Zydus argues that parties in other litigations—none of which are parties to this litigation—have agreed to Dr. Khera's access to their protected material. But that is of no consequence. The DCO in this litigation is between Celgene and Zydus. Here, Celgene's concerns regarding Dr. Khera's job responsibilities are compounded by the fact that Dr. Khera is listed as the named inventor of a patent purportedly directed to apremilast, the active pharmaceutical ingredient in Celgene's Otezla® drug product. *See* Ex. D.I. 72, Ex. H. Accordingly, and especially in view of the fact that Dr. Khera is listed as a named inventor and prosecuting attorney on patents that appear to relate to Zydus's ANDA products that have been the subject of litigation, Celgene, a direct competitor of Zydus, has a good-faith basis to prevent the disclosure of its Protected Material to Dr. Khera.

      Fourth and finally, Celgene maintains that any harm to Zydus does not outweigh the risk of inadvertent disclosure. Zydus does not provide any details as to why Dr. Khera's lack of access to Celgene's Protected Material would impede Zydus's ability to litigate through its competent outside counsel. *See* D.I. 74 at 6.

      For the foregoing reasons, and as stated in Celgene's January 8, 2018 letter to Your Honor, Celgene respectfully requests that the Court preclude Dr. Khera from accessing Celgene's Protected Material or, in the alternative, order Zydus to provide additional information.

      Thank you for Your Honor's kind attention to this matter.

                                                            Respectfully yours,

                                                            William C. Baton

cc: All Counsel (via e-mail)